# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2023

Lyle W. Cayce
Clerk

No. 22-30540

United States of America,

*Plaintiff—Appellee*,

*versus*

Geronimo Flores,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-189-1

---

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Geronimo Flores appeals the final judgment entered against him in accordance with a jury's guilty verdict on two federal criminal charges. A jury found Flores guilty of interstate domestic violence and interstate domestic violence by strangulation or suffocation of his girlfriend while on a cruise ship. Flores now argues that the district court abused its discretion when it permitted the jury to hear testimony that he had committed similar abuse

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30540

against a previous girlfriend. This testimony, he argues, constituted improper character evidence. The district court determined the testimony was proper for the discrete purpose of proving the intent elements of the charges against Flores. Finding no abuse of discretion, we affirm.

## I.

Sara Jordan accused Flores of striking her on the head and choking her while the couple was aboard a cruise ship headed to Panama. Jordan testified at trial that Flores became jealous on the cruise, accusing her of checking out other men. One evening at dinner, Jordan began arguing with Flores because he talked about wanting to have sex with women other than her on the ship. As the argument escalated, they brought their dinner and the argument up to their room. Eventually, Flores decided to leave the room, but Jordan stopped him because she wanted to finish the conversation. Jordan told the jury that Flores then threw food at her and the two started yelling. Jordan testified that Flores proceeded to strike her twice in the face with a closed fist. She threw a glass of lemonade in his face. At this point, as Jordan turned to walk out of the room, Flores grabbed her from behind and put her in a chokehold.

Flores eventually let Jordan free, and she ran from the room, approaching cruise ship security officers. Three officers testified at trial, corroborating that Jordan immediately reported that her boyfriend choked her. The officers photographed redness on Jordan's face and neck. The following day, Jordan visited the cruise ship's doctor due to soreness in her neck and a headache. The doctor observed a lump on Jordan's head, as well as bruising on her shoulder, upper arm, and neck. Jordan's description of her injuries, according to the doctor, was consistent with a concussion.

The Government charged Flores with one count of assault by strangulation or suffocation, 18 U.S.C. § 113(a)(8), and one count of interstate domestic violence, *id.* § 2261, both offenses committed in the

2

maritime and territorial jurisdiction of the United States. The defense's theory at trial was that Jordan misrepresented the course of events leading up to her injuries and exaggerated her injuries. Defense counsel suggested that Jordan's injuries were instead caused by alcohol and various prescription drugs. In addition to cruise employees and Jordan, the Government called Cortney Criss to testify. Criss had been in a romantic relationship with Flores two years before this incident. Like Jordan, Criss described arguments she had with Flores stemming from his jealousy and controlling nature. Criss testified that during these arguments Flores physically attacked her twice. One time, she said, Flores grabbed her by the throat and pinned her against a vehicle.

Flores had lodged a pre-trial objection to Criss's testimony, arguing it was improper character evidence under Federal Rules of Evidence 403 and 404(b). The district court overruled Flores's objection because, rather than merely show Flores's bad character, evidence of Flores's prior domestic violence was relevant under Rule 404(b)(2) to prove intent, motive, or pattern. Additionally, the district court found that the prejudice caused by Criss's testimony was not unfair and did not substantially outweigh the evidence's probative value.

After Criss's testimony at trial, the district court gave the jury a limiting instruction. The jury was told it could not consider evidence of similar acts done by Flores against Criss "in deciding if the defendant committed the acts charged in th[is] indictment." Rather, the jury could consider such evidence only after it determined "beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment." Only then, according to the court's instruction, could the jury look to Criss's testimony for the "very limited purpose" of determining whether Flores "had the state of mind or intent necessary to commit the crime," whether he "had a motive or the opportunity," whether

he "acted according to a plan [or] pattern of conduct," or whether he committed the acts "by accident or mistake." The court reiterated this limitation in its final jury instructions.

The jury was charged with the elements of assault within maritime and territorial jurisdiction by strangulation or suffocation, 18 U.S.C. § 113(a)(8), and interstate domestic violence, *id.* § 2261, which both included requisite intent to commit the crime. The jury unanimously found Flores guilty of both charges.

Flores now appeals.

## II.

We review the "district court's evidentiary rulings for abuse of discretion, subject to harmless-error analysis." *United States v. Perry*, 35 F.4th 293, 325 (5th Cir. 2022) (internal quotation mark and citation omitted). We review a "district court's admission of extrinsic offense evidence over a 404(b) objection under a 'heightened' abuse of discretion standard." *United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019) (quoting *United States v. Jackson*, 339 F.3d 349, 354 (5th Cir. 2003)). The Government bears the burden to show that evidence of similar bad acts "is relevant and admissible under 404(b)." *Ibid.* (citation omitted).

## III.

Flores argues that the district court abused its discretion when it permitted Criss's testimony of similar bad acts by Flores. We disagree.

Under Federal Rule of Evidence 404(b), evidence of a defendant's past bad act "is not admissible to prove a person's character" but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Jones*, 930 F.3d at 373 (quoting FED. R. EVID. 404(b)). Such

evidence is admissible if "(1) it is relevant to an issue other than the defendant's character, and (2) it 'possess[es] probative value that is not substantially outweighed by its undue prejudice' under Federal Rule of Evidence 403." *Ibid.* (quoting *United States v. Smith*, 804 F.3d 724, 735 (5th Cir. 2015)). We consider the following factors in determining whether undue prejudice substantially outweighs probative value: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013). Finally, we must also "consider the overall prejudicial effect of the extrinsic evidence." *United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017).

The district court decided first that evidence of Flores's past domestic violence was relevant and necessary to prove intent. Second, the court found that the prejudice caused by the evidence was not unfair and did not substantially outweigh its probative value. Accordingly, the court admitted the evidence under Rules 403 and 404(b).

Flores argues that the Government did not need Criss's testimony to prove intent or pattern because Flores did not contest his intent or identity. Specifically, Flores's counsel stated that he "wouldn't be served by contesting intent . . . So[,] the defense [wasn't going to] argue that at trial. The defense [wa]s he did not commit the act." Accordingly, Flores contends the only possible reason for Criss's testimony was "to show that on a particular occasion [he] acted in accordance with the character," which is forbidden by Rule 404(b). Additionally, with no valid reason for the evidence, the prejudice was unfair and impermissible under Rule 403.

We disagree. As to the first prong of Rule 404(b) analysis, the district court properly found evidence of Flores's similar bad acts was relevant to

prove intent. While Flores stated he would not contest intent at trial, that did not take intent off the table. *See United States v. Grimes*, 244 F.3d 375, 384 (5th Cir. 2001) (noting that "[n]ormally, if intent is not at issue, then extrinsic evidence is not admissible. But, the defendant must affirmatively remove the issue of intent, not just promise not actively to contest the issue" (citation omitted)). The Government still bore the burden of proving beyond a reasonable doubt each element of the crimes charged, including intent.

We faced a similar question in *Jones*. There, the defendant charged with being a felon in possession of a firearm did not stipulate that he was a felon. *Jones*, 930 F.3d at 373. When the government produced evidence of a prior conviction, the defendant—like Flores here—argued that the government "impermissibly" used that evidence to prove his bad character. *Ibid.* The district court instructed the jury to consider the extrinsic evidence only "if it found beyond a reasonable doubt from other evidence that [the defendant] committed the acts charged in the indictment." *Id.* at 372. Only then could the jury consider the evidence to determine "intent, motive, opportunity, plan, or absence of mistake"—and not whether the defendant acted in accordance with bad character. *Ibid.* We held both prongs of the Rule 404(b) analysis were satisfied. Specifically, the prior conviction was highly probative, relevant to prove an element, and necessary for a purpose other than proving the defendant's character. *Id.* at 374. Additionally, we held the Government's need, the similarity of the offenses, the amount of time, and the limiting instruction satisfied Rule 403 balancing. *Ibid.*

As in *Jones*, the elements of Flores's charged offenses remained live issues at trial. That did not change merely because Flores announced beforehand that he would not contest intent and would instead argue that he did not commit the underlying acts. As we have before explained, extrinsic evidence is admissible to prove intent under Rule 404(b) when a "defendant pleads not guilty" to a non-conspiracy case "and makes the government meet

its burden." *United States v. Martinez*, 2022 WL 2315877, at \*1 (5th Cir. June 28, 2022) (unpublished) (citing *United States v. McCall*, 553 F.3d 821, 827–28 (5th Cir. 2008)). "To prevent the government from invoking 'intent' as a basis for extrinsic act evidence," the defendant must "affirmatively remove the issue of intent, not just promise not actively to contest the issue." *Ibid.* (quoting *Grimes*, 244 F.3d at 384). Flores did the latter, not the former. Therefore, evidence of intent was still "relevant" as "an issue other than [Flores's] character." *Jones*, 930 F.3d at 373.

We are also satisfied that the district court properly weighed the Rule 403 factors at the second prong of Rule 404(b) analysis. First, as discussed above, the Government expressed a need for this evidence to prove intent. Second, the abuse charges against Flores in this case were similar to his past acts described by Criss. *See Kinchen*, 729 F.3d at 473. The evidence showed that Flores struck and choked both women in a jealous rage. So, the district court properly "assess[ed] the similarity of the offenses and weigh[ed] enhanced probative value against the prejudice that almost certainly results when evidence of prior misconduct is admitted." *Juarez*, 866 F.3d at 628. Third, as we have previously held, the two-year separation between the two offenses "was not too remote in time to be probative." *Jones*, 930 F.3d at 374. Finally, and critically, "the district court gave the jury an appropriate limiting instruction." *Ibid.* (noting that "[t]he government did not urge the jury to disregard its instructions or consider the evidence for an improper purpose"). The district court's limiting instruction here was virtually identical to the one approved in *Jones. See id.* at 373.

Finally, the district court's ruling survives a "commonsense assessment of all the circumstances surrounding the extrinsic offense." *Juarez*, 866 F.3d at 629 (quoting *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) (en banc)). Evidence of Flores's prior domestic abuse "was admissible to prove an element of [the] charged offenses"—intent. *Jones*,

930 F.3d at 374. Any "prejudicial effect of permitting the jury to consider" evidence of Flores's prior abuse "to help determine his intent was therefore diminished." *Id.* at 374–75. Moreover, the prior abuse was nearly identical to the present charges and therefore was not "greater in magnitude than the crimes for which [Flores] was on trial, nor did [it] occupy more of the jury's time than the evidence of the charged offenses." *Id.* at 375 (quoting *United States v. Hernandez-Guevara*, 162 F.3d 863, 872 (5th Cir. 1998)). The probative value of Flores's similar bad acts under these circumstances, therefore, was not substantially outweighed by unfair prejudice. *See ibid.*

## IV.

The district court's judgment is AFFIRMED.